# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BTG Patent Holdings, LLC and Bags to Go Enterprises-Nevada, LLC,

    Plaintiffs

v.

Charity Amadi dba Bagz N Go,

    Defendant

Case No.: 2:24-cv-02157-JAD-BNW

**Order Granting Temporary Restraining Order and Setting Preliminary-Injunction Hearing**

[ECF No. 7]

Plaintiffs BTG Patent Holdings, LLC, and BAGS TO GO Enterprises-Nevada, LLC (collectively, BTG) sue Charity Amadi dba BAGZ N GO for trademark infringement and unfair competition, alleging that "BAGZ N GO" infringes on BTG's "BAGS TO GO" mark. Amadi has failed to appear, so BTG moves for clerk's entry of default, a temporary restraining order, and a preliminary injunction to prevent continued infringement. Because BTG has demonstrated a likelihood of success on the merits of its claims and irreparable harm, I grant BTG's motion for a temporary restraining order and set a hearing on its preliminary-injunction motion.[1]

## Background

BTG "advertises, markets, and provides luggage storage and transportation services" under its "BAGS TO GO" trade name and trademarks.[2] The company operates throughout the United States, and specifically in Nevada and Florida.[3] BTG partners with the Harry Reid International Airport in Las Vegas, Nevada, and the Fort Lauderdale-Hollywood International

---

[1] I do not address BTG's default motion because that relief is determined by the Clerk of Court. L.R. 77-1(b)(2).

[2] ECF No. 7 at 2.

[3] ECF No. 7-1 at ¶ 5 (Decl. of BTG's CEO Keith Wiater).

Airport in Florida to "perform storage, transportation, and delivery services of checked baggage accepted by the airlines at off-airport locations," and is "one of the few companies in the United States authorized by the Transportation Security Administration" to do so.[4] As relevant here, BTG Patent Holdings owns four United States trademark registrations and two Nevada trademark registrations related to its business:

- U.S. Reg. No. 2904424 for BAGS TO GO INC. (in a stylized logo), registered in Class 39 for "luggage transportation services for others, namely, pick up and delivery or luggage for the airline industry and cruise ship operators," filed on September 24, 2003;

- U.S. Reg. No. 2928928 for BAGS TO GO (in plain text), registered in Class 39 and filed on February 25, 2004;

- U.S. Reg. No. 3638458 for BAGS TO GO ENTERPRISES (in a stylized logo), registered in Class 39 and filed on October 20, 2008;

- U.S. Reg. No. 5413147 for BAGS TO GO (in plain text), registered in Class 18 for "all-purpose reusable carrying bags; baggage tags; carry-all bags; carry-on bags; flight bags; luggage; luggage tags; reusable shopping bags; roll bags; shopping bags with wheels attached; travel baggage; travel bags; wheeling shopping bags," filed on September 9, 2014;

- Nevada Reg. No. 202400050416-26 for BAGS TO GO (in plain text), registered in Class 105 for "luggage storage and transportation services"; and

- Nevada Reg. No. 202400050418-17 for BAGS TO GO ENTERPRISES (in plain text), registered in Class 105.[5]

BTG alleges that it "recently discovered" that defendant Charity Amadi "advertises, offers for sale, and sells luggage storage and transportation services through the United States, including in Nevada" under the name BAGZ N GO.[6] BTG contends that the BAGZ N GO name is confusingly similar to its BAGS TO GO mark and thus infringes on BTG's registered trademarks. It presents evidence, in the form of a declaration from BTG's CEO Keith Wiater,

---

[4] ECF No. 7-1 at ¶¶ 7, 8.

[5] *See id.* at ¶¶ 11–12; *see also* ECF Nos. 1-2 (registration certificates for federal trademarks), 1-3 (registration certificates for Nevada trademarks).

[6] ECF No. 7-1 at ¶ 24.

that "BTG has received numerous misdirected phone calls from consumers seeking information" about BAGZ N GO's services, indicating that consumers have been actually confused by the similarities.[7]  In August 2024, BTG sent BAGZ N GO a cease-and-desist letter informing the company of the alleged infringement and asking it to stop using the BAGZ N GO mark.[8]  The defendant responded that it would not stop using the mark "unless ordered to do so by a court."[9]

So BTG filed this lawsuit, accusing Amadi of infringing on its trademark and engaging in unfair competition under state and federal law.[10]  Amadi was served with process on November 22, 2024,[11] but has not appeared or otherwise responded to this suit.  So BTG has moved for entry of clerk's default against her.[12]  It also moves for a temporary restraining order and preliminary injunction prohibiting Amadi from using the BAGZ N GO mark or any other confusingly similar mark.[13]

## Discussion

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[14]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the

---

[7] *Id.* at ¶ 46.
[8] *Id.* at ¶ 50.
[9] *Id.* at ¶ 51.
[10] ECF No. 1.
[11] ECF No. 5.
[12] ECF No. 6.
[13] ECF Nos. 7, 8.
[14] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

3

public interest."[15]  The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[16]  Under either approach, the starting point is a merits analysis.

**A.     BTG has shown a likelihood of success on the merits of some of its trademark-infringement and unfair-competition claims.**

For a plaintiff to prevail on a trademark-infringement claim, it must show that (1) it has a "protectible ownership interest in the mark" and (2) "the defendant's use of the mark is likely to cause consumer confusion."[17]  The test for unfair competition under the Lanham Act is almost identical: "whether the public is likely to be deceived or confused by the similarity of the marks."[18]

BTG has shown that it is likely to succeed on its trademark claims.  It owns registered federal trademarks for BAGS TO GO, and federal registrations constitute "prima facie evidence of the validity of the registered mark" and the owner's exclusive right to use the mark.[19]  BTG's

---

[15] *Id.* at 20.

[16] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[17] *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011).

[18] *New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) (citations omitted).  Nevada's state laws for trademark infringement and unfair competition mirror the federal standards, so my findings here apply equally to BTG's state-law claims.  *See A.L.M.N., Inc. v. Rosoff*, 757 P.2d 1319, 1320 (Nev. 1988); *McCarthy on Trademarks and Unfair Competition* § 23:1.50 (5th ed.).

[19] 15 U.S.C. § 1115(a).

Nevada registrations are also presumptive proof of the marks' validity.[20]  BTG's federal registrations date back to at least 2004, and BTG provides evidence that Amadi began using the BAGZ N GO mark just two years ago, suggesting that BTG's mark predates Amadi's.[21]

      BTG has also shown a likelihood of success on the consumer-confusion prong.  "The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case."[22]  Courts in the Ninth Circuit consider the factors identified in *AMF, Inc. v. Sleekcraft Boats* in making that inquiry.  They include: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines."[23]  These factors do not have equal weight, and not every factor will be relevant in every case.[24]

      Here, BTG presents evidence that its unstylized BAGS TO GO mark has been in use for decades and is strongly associated with the company's luggage-storage and transportation services.  The services that BTG and BAGZ N GO perform are identical: both store and transport baggage for individuals traveling to airports.[25]  And the plain-text marks have some differences

---

[20] Nev. Rev. Stat. § 600.350(2).

[21] *See* ECF No. 7-1 at ¶ 51.

[22] *Rearden LLC v. Rearden Com., Inc.,* 683 F.3d 1190, 1209 (9th Cir. 2012).

[23] *Id.* (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–349 (9th Cir. 1979)).

[24] *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 (9th Cir. 2002).

[25] BTG's second plain-text mark is registered in a class reserved for physical baggage and tags, not for luggage storage and transportation services.  BTG presents no evidence that BAGZ N GO also sells branded luggage or accessories, so it's unclear whether the "proximity of the goods" factor would weigh in favor of infringement of BTG's U.S. Reg. No. 5413147 trademark.  But

but are overall similar in sight, sound, and meaning.[26] Both contain a three-word phrase, and two of those words are the same. Though Amadi uses a Z instead of an S after BAG, the sound and effect of those words are the same, especially when combined with the identical final word, GO. And while the middle word elements are different—BTG's trademark uses TO, while Amadi's business uses N—the combined effect of the elements convey the same commercial impression.

BTG has also produced some evidence that consumers have been actually confused by BAGZ N GO's mark. BTG's CEO avers that the company "has received numerous misdirected phone calls from consumers seeking information about" BAGZ N GO, suggesting that the consumers thought they were calling BAGZ N GO but, because the marks were similar, they reached BTG instead.[27] "Evidence that [the] use of two marks has already led to confusion is persuasive proof that future confusion is likely."[28] And because the services provided by BTG and BAGZ N GO are relatively inexpensive (BTG's CEO declares that its services are only "$10.00 per bag per calendar day"), it's unlikely that consumers would exercise a high degree of care when selecting a business for their luggage-storage needs. After considering all of the factors relevant to this case, I find that BTG has shown a likelihood of success on the merits of its trademark-infringement and unfair-competition claims, at least as they relate to alleged infringement of BTS's plain-text marks for luggage-storage and transportation services.

---

because the injunction BTG seeks is warranted based on consideration of its plain-text mark alone, I do not focus on those distinctions at this stage in the proceedings.

[26] I'm less convinced that the registered stylized marks that BTG presents (U.S. Reg. Nos. 2904424 and 3638458) are similar enough to cause confusion. Aside from the similarity in the brands' names, the logos and visual depictions of the brands are very different. *Compare* ECF No. 7-1 at ¶¶ 26 (screenshots of BAGZ N GO website and logo) *with* ECF No. 1-2 at 2, 4 (BTG's stylized marks). Again, because BTG has shown a likelihood of success regarding its plain-text marks, this distinction does not impact my analysis at this stage.

[27] ECF No. 7-1 at ¶ 46–47.

[28] *Sleekcraft*, 599 F.2d at 352.

### B. BTG has shown a likelihood of irreparable harm absent injunctive relief.

A 2020 amendment to the Lanham Act grants plaintiffs seeking preliminary injunctive relief "a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits" of a trademark-infringement claim.[29] BTG has presented evidence showing that customers have been actually confused by Amadi's use of the BAGZ N GO mark, suggesting that BTG has lost at least some "control over [its] business reputation" and that BAGZ N GO has benefited from BTG's extensive advertising and consumer goodwill.[30] And because Amadi has not appeared in this action, she has not presented any evidence to rebut the presumption of harm. So I find that BTG has shown likely irreparable harm warranting a temporary restraining order.

### C. The remaining *Winter* factors weigh in favor of injunctive relief, and nominal security is sufficient.

BTG has also shown that the balance of hardships weigh in its favor and that the public interest favors preliminary relief. The record supports a finding that BTG will prevail on its trademark claims, so the harm to BTG in the absence of an injunction outweighs any harm to Amadi, as she will merely be required to cease use of her allegedly infringing mark. And the Ninth Circuit has recognized that the public has an interest in protecting trademark rights.[31]

Federal Rule of Civil Procedure 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the

---

[29] 15 U.S.C. § 1116(a); *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1005 (9th Cir. 2023); *see also Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1270 (10th Cir. 2022) (acknowledging that the Lanham Act's 2020 amendments added a presumption of irreparable injury for injunctive relief).

[30] *Herb Reed Enters., LLC v. Fla. Ent. Mgm't, Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (noting that "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm").

[31] *Brookfield Commc'ns, Inc. v. W. Coast Ent. Grp.*, 174 F.3d 1036, 1066 (9th Cir. 1999).

court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[32]  BTG argues that $1,000 should be sufficient security, given that Amadi has been in business for a short time and "likely has minimal customers" that probably resulted from confusion caused by infringing BTG's marks.[33]  Those points are persuasive, so I find that a $1,000 security is sufficient in this case.

## Conclusion

IT IS THEREFORE ORDERED that BTG Patent Holdings, LLC and Bags to Go Enterprises-Nevada, LLC's motion for a temporary restraining order is **[ECF No. 7] is GRANTED**.

Charity Amadi dba BAGZ N GO and its employees, officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all other persons acting in active concert or participation with it, are **hereby immediately, temporarily restrained from infringing the BAGS TO GO Marks**.  So BAGZ N GO is temporarily restrained from (1) using in commerce the "BAGZ N GO" name and BAGZ N GO trademark, any marketing material, in-store display, or advertisement incorporating the "BAGZ N GO" name and BAGZ N GO trademark, or any other confusingly similar trademark to the BAGS TO GO Marks; (2) engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of BAGZ N GO's businesses, services, or products with the BTG's services sold under the BAGS TO GO Marks; and (3) otherwise infringing upon the BAGS TO GO Marks.

---

[32] Fed. R. Civ. P. 65(c).

[33] ECF No. 7 at 22.

IT IS FURTHER ORDERED that **BTG must deposit $1,000.00 with the Clerk of the Court as security for this Order**. To the extent the defendant believes that additional security is necessary under Fed. R. Civ. P. 65(c), the defendant must file an application to the court and provide notice to counsel for BTG.

IT IS FURTHER ORDERED **that a preliminary injunction hearing is set for January 13, 2025, at 2:30 p.m., in Courtroom 6C** of the Lloyd D. George Courthouse located at 333 S. Las Vegas Blvd., Las Vegas Nevada 89101, before the Honorable Judge Jennifer A. Dorsey for the United States District Court for the District of Nevada. **Defendant must file and serve any opposition to BTG's motion for a preliminary injunction by January 8, 2025. BTG must file and serve any reply by January 10, 2025.**

_____
U.S. District Judge Jennifer A. Dorsey
January 3, 2025