# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BTG Patent Holdings, LLC and Bags to Go Enterprises-Nevada, LLC,

    Plaintiffs

v.

Charity Amadi dba Bagz N Go,

    Defendant

Case No.: 2:24-cv-02157-JAD-BNW

**Order Converting Temporary Restraining Order into Preliminary Injunction**

[ECF Nos. 8, 10, 15]

Plaintiffs BTG Patent Holdings, LLC, and BAGS TO GO Enterprises-Nevada, LLC (collectively, BTG) sue Charity Amadi dba BAGZ N GO for trademark infringement and unfair competition, alleging that "BAGZ N GO" infringes on BTG's "BAGS TO GO" mark. BTG moved for a temporary restraining order and a preliminary injunction to prevent continued infringement.[1] And because Amadi failed to file an appearance, BTG also moved the clerk to enter her default.[2] Finding that BTG met the standard for a temporary restraining order, I granted that motion and set the preliminary-injunction motion for hearing.[3] Amadi appeared pro se for the hearing despite default being entered against her earlier that same day.[4] I find that BTG has met the standard for an injunction with terms identical to the already-issued temporary restraining order, so I convert the restraining order into a preliminary injunction.

---

[1] ECF Nos. 7, 8.
[2] ECF No. 6.
[3] ECF No. 10.
[4] *See* ECF Nos. 14, 15.

**Discussion**

On December 26, 2024, BTG moved for an order temporarily restraining BAGZ N GO from infringing on BAGS TO GO's marks.[5] I found that BTG met the standard for a temporary restraining order under *Winter v. Natural Resources Defense Council, Inc.*[6] and Rule 65 of the Federal Rules of Civil Procedure, so, on January 3, 2025, I temporarily restrained BAGZ N GO from using that name or otherwise infringing on BTG's marks, and set a hearing on BTG's preliminary-injunction motion for January 13, 2025.[7] Amadi came to the hearing and represented herself pro se. Though she was given an opportunity to respond, she did not provide any argument or evidence disputing the showing of proof that BTG made in support of its injunctive-relief requests.

BTG asserts that the temporary restraining order should now be converted to a preliminary injunction. The legal standard for obtaining a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[8] In *Winter*, the Supreme Court clarified that the standards "require[] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a preliminary injunction] is in the public interest.'"[9]

---

[5] ECF No. 6.

[6] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[7] ECF No. 10.

[8] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[9] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

I previously found that BTG has demonstrated that (1) it is likely to succeed on the merits of its trademark-infringement and unfair-competition claims; (2) it is entitled to a presumption of irreparable harm under 15 U.S.C. § 1116(a); (3) the equities balance in favor of restraining BAGZ N GO from infringing on BTG's marks; and (4) a restraining order would advance the public's interest.[10]  I also concluded that a nominal deposit of $1,000 was sufficient as security in this case under Federal Rule of Civil Procedure 65(c).[11]  There have been no developments in this case that would cause me to alter these findings.  Amadi has not rebutted the presumption of irreparable harm, presented any argument or evidence suggesting that BTG is unlikely to succeed on the merits of its claims, suggested that this injunction is not equitable or in the public's interest, or urged the court to increase BTG's security deposit.  So I conclude that good cause exists to convert the temporary restraining order into a preliminary injunction, with no additional security required.

**Conclusion**

IT IS THEREFORE ORDERED that **the temporary restraining order [ECF No. 10] is CONVERTED into a preliminary injunction.**  Charity Amadi dba BAGZ N GO and its employees, officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all other persons acting in active concert or participation with it, are **hereby enjoined from infringing the BAGS TO GO Marks**.  So BAGZ N GO is enjoined from (1) using in commerce the "BAGZ N GO" name and BAGZ N GO trademark, any marketing material, in-store display, or advertisement incorporating the "BAGZ N GO" name and BAGZ N GO trademark, or any other confusingly similar trademark to the BAGS TO GO Marks; (2) engaging in any other

---

[10] ECF No. 10 at 4–7.

[11] *Id.* at 7–8.

conduct that will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of BAGZ N GO's businesses, services, or products with the BTG's services sold under the BAGS TO GO Marks; and (3) otherwise infringing upon the BAGS TO GO Marks, through the duration of this litigation.

                                                        _____
                                                 U.S. District Judge Jennifer A. Dorsey
                                                                  January 14, 2025