**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BTG Patent Holdings, LLC, et al., | Case No. 2:24-cv-02157-JAD-BNW |
| Plaintiffs | |
| v. | **Order** |
| Charity Amadi and Deandre Turner, | ECF Nos. 26, 27, 29, 30, 32 |
| Defendants | |

BTG Patent Holdings, LLC and Bags to Go Enterprise-Nevada, LLC sue Charity Amadi and Deandre Turner, claiming that their use of the company name "Bagz N Go" is infringing on BTG's lawful, trademarked name, "Bags to Go."[1] When Amadi and Turner failed to answer or otherwise respond to the amended complaint by the response deadline, the plaintiffs filed motions asking the Clerk of Court to enter default against them.[2] Amadi and Turner moved to extend their response deadline by 90 days[3] and then filed a one-page motion to dismiss, arguing that the plaintiffs' failure to resolve this case by settlement is cause for dismissal.[4]

Because the defendants are actively participating in this litigation and have sought an extension of their response deadline, I find that the plaintiffs' motions for default are

---

[1] ECF No. 22.
[2] ECF Nos. 26, 29.
[3] ECF No. 27.
[4] ECF No. 30.

1

premature, and I deny them. Amadi and Turner's motion to dismiss is meritless. The parties' failure to reach or negotiate a settlement at this point is not a legal basis to dismiss this suit, and the defendants don't offer any authority to suggest otherwise. So I deny their motion to dismiss.

While Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure gives a defendant 14 days after the denial of a motion to dismiss to file an answer, Amadi and Turner have asked for a 90-day extension because of "[t]he complexity of the case and the ongoing negotiations."[5] In opposing the request, the plaintiffs note that the defendants needed to demonstrate both good cause and excusable neglect for their late request, and they have failed to do either.[6] The plaintiffs further represent that there are no ongoing negotiations.[7] While the defendants have not demonstrated excusable neglect for their late extension request, and there are no ongoing negotiations to justify a 90-day extension, I recognize that the defendants are representing themselves, so this litigation does seem complex to them; a reasonable 16-day extension of the answering deadline (for a total of 30 days to prepare their answers) is thus merited. I caution the defendants that all litigants in this court system—those with lawyers and those without—must comply with the rules of this court and meet all deadlines established by court order or the rules of this court. So Amadi and Turner must familiarize themselves with the Rules of Civil Procedure and this court's local rules, which can be found on the court's website.

---

[5] ECF No. 27 at 1.
[6] ECF No. 28 at 2.
[7] *Id.* at 5.

Ignorance of law or procedure will not be an acceptable excuse for habitual failures to comply.

IT IS THEREFORE ORDERED that:

- Plaintiffs' motions for clerk's entry of default **[ECF Nos. 26, 29] are DENIED** without prejudice;

- The defendants' motion to dismiss **[ECF No. 30] is DENIED**;

- The defendants' motion to extend time **[ECF No. 27] is GRANTED in part: the defendants have 30 days (until May 28, 2025) to file a proper answer** to the amended complaint [ECF No. 22]; and

- The countermotion to seal the motion to dismiss **[ECF No. 32] is GRANTED. The Clerk of Court is directed to SEAL the motion to dismiss at ECF No. 30** because it reveals confidential settlement discussions, which constitutes a compelling reason to seal that outweighs the traditional right of public access to court records.[8]

_____
U.S. District Judge Jennifer A. Dorsey
April 28, 2025

---

[8] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).