UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BTG Patent Holdings, LLC, et al., | Case No. 2:24-cv-02157-JAD-BNW |
| Plaintiffs | |
| v. | **Order** |
| Charity Amadi and Deandre Turner, | ECF Nos. 34, 35, 36, 38, 39 |
| Defendants | |

BTG Patent Holdings, LLC and Bags to Go Enterprise-Nevada, LLC sue Charity Amadi and Deandre Turner, claiming that their use of the company name "Bagz N Go" is infringing on BTG's lawful, trademarked name, "Bags to Go."[1] When Amadi and Turner failed to answer or otherwise respond to the amended complaint by the response deadline, the plaintiffs filed motions asking the Clerk of Court to enter default against them.[2] Amadi and Turner moved to extend their response[3] and filed a motion to dismiss.[4] I denied the motion to dismiss as meritless, denied the motion for default as premature, and gave Amadi and Turner until May 28, 2025, to file a proper answer to BTG's complaint.[5]

---

[1] ECF No. 22.
[2] ECF Nos. 26, 29.
[3] ECF No. 27.
[4] ECF No. 30.
[5] ECF No. 33.

1

In that same order, I expressly cautioned Amadi and Turner that they "must comply with the rules of this court and meet all deadlines established by court order or the rules of this court" and that "[i]gnorance of law or procedure will not be an acceptable excuse for habitual failures to comply."[6]

That extended answer deadline passed with no answer from Amadi or Turner. So BTG moves again for the Clerk of Court to enter default against them.[7] The deadline to respond to those motions passed with no opposition by Amadi or Turner. But Amadi and Turner refiled their motion to dismiss—disclosing settlement negotiations and offering the verbatim argument that this court already denied as wholly meritless.[8] BTG opposes that retread motion, moves to seal it, and asks this court to impose sanctions on the defendants for their bad-faith litigation tactics.[9]

I deny the motion to dismiss for the same reason I did before: it offers no legitimate basis for dismissal. The parties' failure to reach or negotiate a settlement at this point is not a legal basis to dismiss a suit, and the defendants don't offer any authority to suggest otherwise. So the motion to dismiss is denied. And because it reveals confidential settlement discussions, which constitutes a compelling reason to seal

---

[6] *Id*. at 2–3.

[7] ECF Nos. 34, 35.

[8] *Compare* ECF No. 30 *with* ECF No. 36. I find this second motion to dismiss suitable for resolution without waiting for a reply.

[9] ECF Nos. 38, 39.

that outweighs the traditional right of public access to court records,[10] I grant BTG's motion to seal it.

I also grant BTG's motions to enter default against Amadi and Turner. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[11] Here, BTG has shown that Amadi and Turner have failed to plead or otherwise defend this case in accordance with the applicable rules and procedures. The affidavits of BTG's counsel demonstrate that they were served with all necessary documents in this case, including the summons and complaint.[12] When this court denied their motion to dismiss, it gave them until May 28, 2025, to file a proper answer and warned them that they must comply with the orders of this court.[13] To date, they still have not answered the complaint, and their deadline to oppose the motion for entry of default passed with no response or request to extend the deadline to file one. So I find that Amadi and Turner have failed to plead or otherwise defend this case, and I direct the Clerk of Court to enter default against them. The effect of the entry of default is that the allegations in the complaint against them are deemed true.[14]

---

[10] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[11] Fed. R. Civ. P. 55(a).

[12] *See* ECF Nos. 34-1, 35-1.

[13] ECF No. 33.

[14] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

3

But I deny the motion for further sanctions at this time. I caution Amadi and Turner one last time that they must familiarize themselves with the rules of this court and comply with its orders; this includes deadlines. And when the court denies a motion, the refiling of that same motion without addressing the reasons that the court denied it is improper. So while I do not find that Amadi and Turner's litigation conduct has yet risen to a sanctionable level, they are on notice that repeated violations of this court's rules and orders may cause this court to enter sanctions against them, which may include an award of attorneys' fees or costs to the opposing party.

IT IS THEREFORE ORDERED that:

- Plaintiffs' motions for clerk's entry of default **[ECF Nos. 34, 35] are GRANTED; the Clerk of Court is directed to ENTER DEFAULT against both defendants** for failure to plead or otherwise defend;

- The defendants' second motion to dismiss **[ECF No. 36] is DENIED, and they are cautioned not to file this same motion again**;

- The plaintiffs' motion to seal the second motion to dismiss **[ECF No. 38] is GRANTED. The Clerk of Court is directed to SEAL the motion to dismiss at ECF No. 36**; and

- The plaintiffs' motion for sanctions **[ECF No. 39] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
June 26, 2025